IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEWIS BARROW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-607-TMH |
| | ) |
| PIKE COUNTY ALABAMA, DISTRICT ATTORNEY and PIKE COUNTY ALABAMA, DISTRICT COURT, | ) ) ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a Petition for Writ of Mandamus filed by Christopher Lewis Barrow ["Barrow"], an indigent inmate presently incarcerated at the Pike County Jail.[1] In this petition, Barrow seeks an order from this court directing the respondents to release him from custody for an undue delay in providing him a preliminary hearing on a third degree burglary charge.

Upon review of the instant petition, the court concludes it is without authority to grant the requested mandamus relief.

**II. DISCUSSION**

As previously noted, the All Writs Act, embodied at 28 U.S.C. § 1651(a), provides "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or

---

[1] Although the writ of mandamus was abolished by Rule 81(b), *Federal Rules of Civil Procedure*, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Actions in the nature of mandamus are allowed by 28 U.S.C. § 1361, which states that: "The district courts shall have original jurisdiction of any civil action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, the Act's statutory language "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). "To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties where mandamus is the relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, this court has no mandamus jurisdiction over state officials or the state courts of Alabama and, hence, lacks authority to compel the action Barrow requests. In light of the foregoing, the court concludes the claims presented in the mandamus petition provide no basis for relief and this case is therefore due to be dismissed for lack of jurisdiction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of mandamus filed by Christopher Lewis Barrow be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that on or before August 24, 2011, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE